## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. JASON D. COHEN, M.D., F.A.C.S., as designated representative of F.L., and Patient F.L., | Civil Action No. 2:13-CV-03057 (JLL)(JAD) |
| Plaintiffs, | **OPINION** |
| v. | |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY and VISITING NURSE ASSOCIATION HEALTH GROUP | |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon")'s motion to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). The Court has considered the submissions made in support of and in opposition to Horizon's motion, and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Horizon's motion is **granted.** Plaintiff's Amended Complaint is dismissed in its entirety *without* prejudice.

## I.     BACKGROUND

On October 25, 2013, this Court entered an Opinion an Order granting in part and denying in part Defendant's motion to dismiss Plaintiff's original complaint. This Court's October 25, 2013 Opinion contained a detailed discussion of the facts alleged in Plaintiff's original complaint. Because Defendant agrees that the crux of the facts alleged in the Amended Complaint are the

same as those alleged in the original complaint, the Court hereby incorporates its thorough discussion of the relevant facts contained in its October 25, 2013 Opinion and will repeat only those facts that are pertinent to the instant motion.

Plaintiffs Dr. Jason Cohen ("Dr. Cohen") and Patient F.L. bring this action under the Employee Retirement Income Security Act ("ERISA") to recover alleged underpayments for two medical procedures Dr. Cohen performed on Patient F.L. in 2011. This Court's jurisdiction is premised on 28 U.S.C. § 1331.

At the time of the medical procedures at issue, Patient F.L. was a participant in a health plan (the "Plan") self-insured by his employer, Defendant Visiting Nurse Association Health Group ("VNA"). VNA served as the Plan's administrator, and was responsible for making all final decisions with respect to claims brought under the Plan. Horizon served as the Plan's third-party administrator, and was responsible for the initial review of claims, and providing administrative services.

When providing services as an out-of-network provider, Dr. Cohen requires all patients to sign documents whereby the patient agrees to be personally liable for all medical charges. Dr. Cohen also obtains from the patient an Authorization of Designated Representative and an Assignment of Benefits with Rights ("AOB") which allegedly make Dr. Cohen a beneficiary under the Plan. Dr. Cohen does not waive any deductible or co-payment by accepting the AOB.

Dr. Cohen performed two separate medical procedures that are the subject of Plaintiffs' claims. As to the first medical procedure, on or about May 16, 2011, Dr. Cohen sought payment from Horizon by filing an electronic claim seeking $221,847.00. On or about July 1, 2011, Horizon allegedly made a single payment to Patient F.L. in the amount of $42,557.38, which Patient F.L. surrendered to Dr. Cohen in accordance with the AOB. Plaintiffs claim that this

payment was $179,289.62 less than the amount of the claim, and represented less than 20% of the amount of the billed services.

At some point toward the end of 2011, Dr. Cohen performed a second medical procedure on Patient F.L. On or about December 2, 2011, Dr. Cohen sought payment from Horizon by filing an electronic claim seeking $84,212.00 for the second procedure performed on Patient F.L. Horizon subsequently made a single payment to Patient F.L. in the amount of $4,320.00, which Patient F.L. surrendered to Dr. Cohen in accordance with the AOB. This payment was $79,892.00 less than the claim Dr. Cohen submitted, and represented approximately 5% of the total amount of the services billed. Plaintiffs appealed both determinations; on December 5, 2012, Patient F.L. received a written denial stating that he has "now exhausted all the appeal rights through Horizon" and forwarded this letter to Dr. Cohen.

Plaintiff's Amended Complaint contains a single claim of violation of ERISA, § 502(a) as against both Defendants—VNA, the Plan's administrator, and Horizon, the Plan's third-party administrator. Plaintiffs seek, *inter alia*, payment of benefits allegedly due under the Plan.

Defendant Horizon has filed a motion to dismiss Plaintiff's Amended Complaint on two overarching grounds: (1) Dr. Cohen lacks standing to pursue a claim for benefits on behalf of Patient F.L., and (2) the Amended Complaint fails to state a facially plausible claim against Horizon because, as a third-party administrator, it cannot be held liable for benefits under the Plan.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

"Federal Rule of Civil Procedure 12(b)(1) provides that a party may bring a motion to dismiss for lack of subject matter jurisdiction." *Ballentine v. United States*, 486 F.3d 806, 810 (3d

Cir. 2007). "A motion to dismiss for want of standing is also properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Id.* "The party invoking federal jurisdiction bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter in which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Focus v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir. 1996) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

"When standing is challenged on the basis of the pleadings, [courts must] accept as true all material allegations in the complaint, and . . . construe the complaint in favor of the complaining party." *Id.* (quoting *Pennell v. City of San Jose*, 485 U.S. 1, 7 (1988)). However, when the challenging party presents a factual challenge, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Petruska v. Gannon Univ.*, 462 F.3d 204, 302 n.3 (3d Cir. 2006).

In considering a factual attack on a 12(b)(1) motion, "no presumptive truthfulness attaches to plaintiff's allegations," and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.* at n.3 (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

"In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "It is axiomatic that, in addition to those requirements imposed by statute, plaintiffs must also satisfy Article III of the Constitution." *Horvath v. Keystone Health Plan East, Inc.*, 333 F.3d 450, 455

(3d Cir. 2003) (citation omitted). As the Third Circuit has articulated, the requirements of Article III standing are as follows:

> (1) the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006).

   B.   Federal Rule of Civil Procedure 12(b)(6)

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[c]ourts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). But, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1429 (3d Cir. 1997). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 6782 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, a complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Young v. Speziale*, No. 07-3129, 2009 U.S. Dist. LEXIS 105236, *6-7 (D.N.J. Nov. 10, 2009) (quoting *Iqbal*, 556 U.S. at 679). The movant on a Rule 12(b)(6) motion "bears the burden of showing that no claim has been presented." *Henderson v. Equable Ascent Fin., LLC*, 2011, No. 11-3576, 2011 U.S. Dist. LEXIS 127662, at *2 (D.N.J. Nov. 4, 2011) (quoting *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005)).

## IV.   DISCUSSION

In moving to dismiss Plaintiffs' complaint, Horizon makes the following arguments: (1) Dr. Cohen lacks standing to pursue a claim for benefits on behalf of Patient F.L.; and (2) the Amended Complaint fails to state a colorable claim against Horizon because, as a third-party administrator, Horizon cannot be held liable for benefits. The Court will address each issue, in turn.

### A.   Standing

#### 1.   Whether Dr. Cohen Has Statutory Standing to Bring this Suit[1]

Under Section 502(a) of ERISA, only "a participant or beneficiary" may generally bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29

---

[1] The Court will analyze Horizon's challenge to Dr. Cohen's statutory standing under the standards applicable to Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Maio v. Aetna, Inc.*, 221 F.3d 472, 482 n.7 (3d Cir. 2000) (distinguishing challenge to plaintiff's standing for lack of injury in fact, which implicates subject matter jurisdiction under Article III and thus falls under Rule 12(b)(1), from a challenge concerning whether a plaintiff meets statutory prerequisites to bring suit).

U.S.C. §1132(a)(1)(A)-(B); *see also Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 27 (1983) ("ERISA carefully enumerates the parties entitled to seek relief under § 502; it does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action for a declaratory judgment on the issues in this case."). ERISA defines a "participant" as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization or whose beneficiaries may be eligible to receive such benefit." 29 U.S.C. § 1002(7). Furthermore, a "beneficiary" is defined under ERISA as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to benefit thereunder." 29 U.S.C. § 1002(8).

Although the Third Circuit has not specifically addressed whether an assignment of benefits confers ERISA standing on a non-participant or a non-beneficiary, it has observed that "[a]lmost every circuit to have considered the question has held that a healthcare provider can assert a claim under § 502(a) where a beneficiary or participant has assigned to the provider that individual's right to benefits under the plan." *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare,* 388 F.3d 393, 401 n.7 (3d Cir. 2004). In light of the *Pascack* decision, and absent a directive to the contrary, this Court has recognized that a healthcare provider may, as a general matter, acquire derivative standing to bring a claim for benefits under ERISA by virtue of a valid assignment of benefits by the plan beneficiary. *See, e.g., Atlantic Spinal Care v. Highmark Blue Shield,* No. 13-3159, 2013 WL 3354433, *4 (D.N.J. July 2, 2013) (Linares, J.); *Edwards v. Horizon Blue Cross Blue Shield of N.J.,* No. 08-6160, 2012 U.S. Dist. LEXIS 105266, at *17 (D.N.J. June 4, 2012) (Linares, J.).

Here, Horizon argues that Dr. Cohen lacks standing because (1) Dr. Cohen is not the alleged assignee of Patient F.L.'s AOB., (2) the Third Circuit would not recognize the assignability of a Section 502(a)(1)(B) claim for benefits under the circumstances presented here, and (3) Dr. Cohen's preservation of the right to sue Patient F.L. for additional fees related to any procedures defeats any standing that Dr. Cohen may otherwise have.

This Court previously dismissed Plaintiffs' claim for benefits because the Court could not, based on the facts alleged in the complaint, conclusively determine the scope of the assignment in the AOB. *See, e.g., Cmty. Med. Ctr. v. Local 464A UFCW Welfare Reimbursement Plan*, 143 Fed. App'x. 433, 435 (3d Cir. 2005) (holding that provider lacked standing to sue under ERISA where the court had "no way of knowing . . . [the] terms or parameters [of the assignment]"). Thus, because the Court had no way of knowing what benefits the AOB conferred upon Dr. Cohen, the Court concluded that Plaintiffs failed to satisfy their burden of establishing Dr. Cohen's standing to sue under ERISA § 502. *See, e.g., Cole v. Guardian Life Ins. Co. of Am.*, No. 11-1026, 2013 U.S. Dist. LEXIS 110876, at *32 (D.N.J. Aug. 7, 2013) (observing that a plaintiff bears the "burden of establishing . . . the threshold requirement of statutory standing.") (Linares, J.).

Plaintiffs have since filed an Amended Complaint which now purports to quote to portions of the AOB. According to the Amended Complaint, the AOB states, in pertinent part: "I hereby assign all rights and benefits due me from my insurance carrier to Professional Orthopedic Associates ('POA') and authorize and empower POA to appeal a determination by a carrier to deny, reduce or terminate my benefits including but not limited to, the filing of a lawsuit or fee arbitration." (Am. Compl., ¶ 17(a)). Although the Amended Complaint also alleges that Dr. Cohen "owns and/or operates POA," POA is not the party bringing suit. Moreover, although the Amended Complaint appears to allege that Dr. Cohen is the sole owner of POA, Plaintiffs'

8

opposition brief suggests that he is a co-owner of POA. *See* Pl. Opp'n Br. at 5 ("What Defendants omit is that Dr. Cohen is a member and an owner of Professional Orthopedic Associates."). In light of foregoing, the Court concludes that Dr. Cohen has failed to plead a facially plausible theory of derivative standing by assignment. Defendant's motion to dismiss the Amended Complaint vis-à-vis Dr. Cohen is granted. Insofar as the Amended Complaint is brought by Dr. Cohen, it is dismissed *without* prejudice.

In light of this Court's determination that Plaintiffs have failed to satisfy their burden of establishing Dr. Cohen's standing to sue under ERISA, it is unnecessary to decide: (a) whether Dr. Cohen's preservation of the right to sue Patient F.L. for any outstanding amount defeats Dr. Cohen's standing, or (b) whether Dr. Cohen's decision to bring suit alongside Patient F.L. defeats Dr. Cohen's standing. The Court nevertheless notes, once again, that Horizon relies on various district court decisions for both propositions—the majority of which are unpublished and *none* of which are binding on this Court.

## B.    Whether the Amended Complaint States a Viable ERISA Claim

Next, Defendant moves to dismiss the sole claim asserted in the Amended Complaint for failure to state a claim upon which relief may be granted. In particular, Horizon argues that the sole claim asserted in the Amended Complaint is a claim for benefits under the Plan, pursuant to Section 502(a)(1)(B) of ERISA, and that Horizon, a third-party administrator, is not the proper defendant in the context of such a claim.

Plaintiffs oppose dismissal of this claim as against Horizon on the basis that they have "pled a proper cause of action for breach of fiduciary duty." (Pl. Opp'n Br. at 12). In particular, Plaintiffs state that "Defendant once again argues that Plaintiffs have failed to state a cause of action for breach of fiduciary duty against [Horizon] on the grounds that [Horizon] is not an ERISA

fiduciary under the health plan at issue." (*Id.*). Plaintiffs' statement in this regard misconstrues the premise underlying Defendant's argument. Defendant does not argue that Plaintiffs have failed to state a claim for breach of fiduciary duty. Defendant argues that Plaintiffs have failed to state a claim for benefits under the Plan as against a third-party administrator of the Plan.

It is clear to the Court that the parties' confusion stems from the ambiguity underlying the sole count of Plaintiff's Amended Complaint. Count One alleges "Violation of ERISA section 502(a)" as against both Defendants. But Count One does not specify the particular subsection of 502(a) under which it is brought. Although Plaintiffs repeatedly make reference to a "breach of fiduciary duty claim," it is clear that Plaintiffs also attempt to assert a denial of benefits claim. These are not one and the same.

ERISA § 502(a)(1)(B) "authorizes the participant or beneficiary to bring a civil action 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.' " *DiFelice v. Aetna U.S. Healthcare,* 346 F.3d 442, 457 (3d Cir. 2003).

ERISA § 502(a)(2) "extends a cause of action 'for appropriate relief' under ERISA § 409. Section 409 makes a 'fiduciary with respect to a plan' personally liable for losses caused by its breach of fiduciary obligations imposed by ERISA and permits a court to award 'equitable or remedial relief' against the fiduciary." *Nat'l Sec. Systems, Inc. v. Iola*, 700 F.3d 65, 79 (3d Cir. 2012). ERISA § 502(a)(3), on the other hand, allows a beneficiary to "obtain . . . appropriate equitable relief . . . to redress [ERISA] violations or . . . to enforce any provisions of [ERISA]." *Pell v. E.I. DuPont de Nemours & Co. Inc.,* 539 F.3d 292, 300 (3d Cir. 2008) (citing 29 U.S.C. § 1132(a)(3)). "A beneficiary can make out a claim for 'appropriate equitable relief,' based on a theory of equitable estoppel." *Id.* (citing *Curcio v. John Hancock Mut. Life Ins. Co.,* 33 F.3d 226,

235 (3d Cir. 1994)). To succeed on such a claim, "an ERISA plaintiff must establish (1) a material representation, (2) reasonable and detrimental reliance upon the representation, and (3) extraordinary circumstances." *Pell*, 539 F.3d at 300.

The distinction between a claim brought under section (a)(1)(B) or (a)(2) is by no means immaterial. The Third Circuit has explained that:

> One of the key differences between § 1132(a)(1)(B) and (a)(2) is who is a proper defendant. In a § 1132(a)(1)(B) claim, the defendant is the plan itself (or plan administrators in their official capacities only). On the other hand, the defendant in a § 1132(a)(2) claim is a plan fiduciary in its individual capacity.

*Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 301 (3d Cir. 2007). Not only do Plaintiffs fail to specify under which subsection of §502(a) Count One is brought—as to *each* Defendant— Plaintiffs also fail to identify the particular theory under which they seek to hold each Defendant— Horizon and the Visiting Nurse Association Health Group—liable. Rather, Count One simply groups both Defendants together and refers to them jointly as "administrators" and "fiduciaries" inasmuch as they allegedly "exercise[d] discretionary authority and/or discretionary control [as to] management of the plan under which Patient F.L. is entitled to benefits . . . ." (Am. Compl., ¶ 72). In light of such conclusory allegations, and for purposes of this motion, it is entirely unclear to the Court whether Plaintiffs attempt to hold Horizon liable for benefits under the plan (pursuant to § 502(a)(1)(B)) or for their alleged breach of fiduciary duty (pursuant to §§ 502(a)(2) or (3)), or both. *See generally D'Amico v. CBS Corp.*, 297 F.3d 287, 292 (3d Cir. 2002) ("[T]he fiduciary breaches alleged by plaintiffs turn on the application of § 18.B's provisions for vesting. It follows that their allegations amount to a claim for Plan benefits . . . .").

The Court declines to continue ruling on the parties' arguments *or* the plausibility of Plaintiffs' claim(s) in the abstract. It is clear that Count One, as currently pled, fails to give each

of the Defendants proper notice of the nature of the particular claim asserted against it. This violates Federal Rule of Civil Procedure 8(a). Each count of a properly pled complaint must contain its own cause of action and those particular factual allegations that would allow the Court to draw the reasonable inference that *each* defendant is liable for that cause of action. *See generally Iqbal*, 556 U.S. at 678. For the reasons discussed above, Count One of Plaintiffs' Amended Complaint, as currently drafted, fails to meet this requirement. Defendant Horizon's motion to dismiss Count One is therefore granted. Count One of Plaintiffs' Amended Complaint is hereby dismissed, without prejudice, for failure to meet the pleading requirement of Rule 8(a) of the Federal Rules of Civil Procedure.

The Court will allow Plaintiffs to file a Second Amended Complaint to cure the pleading deficiencies discussed herein **on or before February 28, 2014**. Plaintiffs' failure to do so will result in dismissal of Plaintiffs' Amended Complaint with prejudice, upon application by the Defendant(s).

## V. CONCLUSION

For the reasons set forth above, Horizon's motion to dismiss the Amended Complaint is **granted**. The Amended Complaint is dismissed in its entirety *without* prejudice. Plaintiffs may file a Second Amended Complaint to cure the pleading deficiencies discussed herein **on or before February 28, 2014**. Plaintiffs' failure to do so will result in dismissal of Plaintiffs' Amended Complaint with prejudice, upon application by the Defendant(s).

An appropriate Order accompanies this Opinion.

s/ Jose L. Linares
JOSE L. LINARES
U.S. DISTRICT JUDGE

Date: January 21, 2014