<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PROFESSIONAL ORTHOPEDIC ASSOCIATES, PA, as designated representative of F.L., and Patient F.L.,<br><br>        Plaintiffs,<br><br>v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY and VISITING NURSE ASSOCIATION HEALTH GROUP<br><br>        Defendants. | Civil Action No. 2:13-CV-03057 (JLL)(JAD)<br><br>OPINION |

**LINARES**, District Judge.

      This matter comes before the Court by way of Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon")'s motion to dismiss Plaintiffs' Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). The Court has considered the submissions made in support of and in opposition to Horizon's motion, and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Horizon's motion is **granted.** Count One of Plaintiff's Second Amended Complaint is hereby dismissed *with* prejudice as to Defendant Horizon.

**I.    BACKGROUND**

      This Court's October 25, 2013 and January 21, 2014 Opinions contain detailed discussions of the facts underlying Plaintiffs' claims. The crux of the facts remain the same; thus, the Court hereby incorporates its thorough discussion of the relevant facts contained in its October 25, 2013

and January 21, 2014 Opinions and will repeat only those facts that are pertinent to the instant motion.

Professional Orthopedic Associates, P.A. ("POA"), and Patient F.L. bring this action under the Employee Retirement Income Security Act ("ERISA") to recover alleged underpayments for two medical procedures performed by Dr. Jason D. Cohen—an alleged owner of POA—on Patient F.L. in 2011. This Court's jurisdiction is premised on 28 U.S.C. § 1331.

At the time of the medical procedures at issue, Patient F.L. was a participant in a health plan (the "Plan") self-insured by his employer, Defendant Visiting Nurse Association Health Group ("VNA"). VNA served as the Plan's administrator, and was responsible for making all final decisions with respect to claims brought under the Plan. Horizon served as the Plan's third-party administrator, and was responsible for the initial review of claims, and providing administrative services.

When providing services as an out-of-network provider, Dr. Cohen requires all patients to sign documents whereby the patient agrees to be personally liable for all medical charges. Dr. Cohen also obtains from the patient an Authorization of Designated Representative and an Assignment of Benefits with Rights ("AOB") which allegedly make POA a beneficiary under the Plan.

Dr. Cohen performed two separate medical procedures that are the subject of Plaintiffs' claims. As to the first medical procedure, on or about May 16, 2011, POA sought payment from Horizon by filing an electronic claim seeking $221,847.00. On or about July 1, 2011, Horizon allegedly made a single payment to Patient F.L. in the amount of $42,557.38, which Patient F.L. surrendered to POA in accordance with the AOB. Plaintiffs claim that this payment was

2

$179,289.62 less than the amount of the claim, and represented less than 20% of the amount of the billed services.

At some point toward the end of 2011, Dr. Cohen performed a second medical procedure on Patient F.L. On or about December 2, 2011, POA sought payment from Horizon by filing an electronic claim seeking $84,212.00 for the second procedure performed on Patient F.L. Horizon subsequently made a single payment to Patient F.L. in the amount of $4,320.00, which Patient F.L. surrendered to POA in accordance with the AOB. This payment was $79,892.00 less than the claim Dr. Cohen submitted, and represented approximately 5% of the total amount of the services billed. Plaintiffs appealed both determinations; on December 5, 2012, Patient F.L. received a written denial stating that he has "now exhausted all the appeal rights through Horizon" and forwarded this letter to POA.

Plaintiff's Second Amended Complaint contains two claims: (1) violation of ERISA § 502(a)(2) as against both Defendants—VNA, the Plan's administrator, and Horizon, the Plan's third-party administrator; and (2) violation of ERISA § 502(a)(1)(B) only as against VNA.

Defendant Horizon has filed a motion to dismiss Count One of Plaintiff's Second Amended Complaint on two overarching grounds: (1) Plaintiffs have not plead a cognizable breach of fiduciary duty claim under Section 502(a)(2); and (2) POA lacks standing to bring a claim against Horizon for breach of fiduciary duty.

## II.  LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3

(2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.*; *In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). With this framework in mind, the Court turns now to Horizon's motion.

## III.  DISCUSSION

The Court begins by clarifying that there is only one claim at issue in this motion—Plaintiffs' Section 502(a)(2) breach of fiduciary duty claim, which is asserted against Horizon[1] in Count One of Plaintiff's Second Amended Complaint.

Horizon raises various arguments in support of the theory that Plaintiff—now POA—lacks standing to bring an ERISA breach of fiduciary duty claim against Horizon. In particular, Horizon

---

[1] Count One of Plaintiffs' Second Amended Complaint is also asserted against co-Defendant VNA. VNA has not yet filed a responsive pleading in this action.

4

now argues: (1) claims brought under Section 502(a)(2) are unassignable; (2) Patient F.L.'s alleged assignment lacked the requisite specificity to assign a claim under Section 502(a)(2) to POA; (3) POA lacks standing because Patient F.L. is a co-Plaintiff; and (4) the terms of the alleged assignment do not confer standing because Patient F.L. remains fully liable to Dr. Cohen and/or POA.

As stated in the Court's prior Opinions:

> Although the Third Circuit has not specifically addressed whether an assignment of benefits confers ERISA standing on a non-participant or a non-beneficiary, it has observed that "[a]lmost every circuit to have considered the question has held that a healthcare provider can assert a claim under § 502(a) where a beneficiary or participant has assigned to the provider that individual's right to benefits under the plan." *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare*, 388 F.3d 393, 401 n.7 (3d Cir. 2004). In light of the *Pascack* decision, and absent a directive to the contrary, this Court has recognized that a healthcare provider may, as a general matter, acquire derivative standing to bring a claim for benefits under ERISA by virtue of a valid assignment of benefits by the plan beneficiary. *See, e.g., Atlantic Spinal Care v. Highmark Blue Shield*, No. 13-3159, 2013 WL 3354433, *4 (D.N.J. July 2, 2013) (Linares, J.); *Edwards v. Horizon Blue Cross Blue Shield of N.J.*, No. 08-6160, 2012 U.S. Dist. LEXIS 105266, at *17 (D.N.J. June 4, 2012) (Linares, J.).

January 21, 2014 Opinion at p. 7. Although the Court's statement in this regard referred to claims for benefits under the plan and not breach of fiduciary duty claims, the Court declines to weigh in on the arguments raised by Horizon—none of which are supported by Third Circuit precedence—because the Court finds that even *if* Plaintiffs had standing to assert a breach of fiduciary claim against Horizon, such claim would in any event fail as a matter of law for several reasons.

First, even assuming that Plaintiffs had pled sufficient facts establishing that Horizon—a third-party administrator—served as a fiduciary under the Plan,[2] the United States Supreme Court has held that "§ 502(a)(2) authorizes a beneficiary to bring an action against a fiduciary who has violated § 409"; however, "that recovery for a violation of § 409 inures to the benefit of the plan as a whole." *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985).  In particular, the Supreme Court explained that "[a] fair contextual reading of the statute makes it abundantly clear that its draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary." *Id*. at 142.  Plaintiffs' breach of fiduciary duty claim is not premised on an alleged misuse of Plan assets, or on any injuries allegedly sustained by the Plan.  Nor is this suit brought by Plaintiffs in a representative capacity on behalf of the Plan as a whole.[3]  To the contrary,

---

[2] ERISA defines a fiduciary as a person or entity that "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, ... [or holds] any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A); *see generally Curcio v. John Hancock Mut. Life Ins. Co.,* 33 F.3d 226, 233 (3d Cir. 1994) ("[T]he linchpin of fiduciary status under ERISA is discretion.").  Because Plaintiffs have in any event failed to state a viable breach of fiduciary duty claim as against Horizon, the Court need not conclusively determine whether Plaintiffs have alleged sufficient facts to establish that Horizon served as a fiduciary under the Plan.  Suffice it to say that the crux of the Second Amended Complaint as it relates to Horizon is that Horizon improperly denied payment for the two surgeries at issue.  Aside from several conclusory allegations concerning Horizon's "discretionary authority," Plaintiffs have failed to plead any specific facts that would allow the Court to draw the reasonable inference that Horizon exercised any actual discretion or control when it processed Patient F.L.'s claims.  To the contrary, Plaintiffs' own allegations concede that "[t]he participant's healthcare plan is interpreted by the plan administrator, which is the employer [VNA] and not by a third-party administrator such as [Horizon]." (Second Am. Compl., ¶ 13).

[3] *See, e.g., Graden v. Conexant Systems Inc*., 496 F.3d 291, 295 (3d Cir. 2007) ("As § 1132(a)(2) addresses losses to ERISA plans resulting from fiduciary misconduct, the Supreme Court has held that suits under it are derivative in nature—that is, while various parties are entitled to bring suit (participants, beneficiaries, fiduciaries, and the Secretary of Labor), they do so on behalf of

Plaintiff's breach of fiduciary duty claim seeks damages equal to the alleged underpayment of benefits to Patient F.L. *See* Second Am. Compl., ¶ 88 ("As a direct and proximate result of Blue Cross's [breach of fiduciary duty], Plaintiff have been damaged in an amount not less than $259,181.00"); ¶ 100 ("WHEREFORE, Plaintiffs respectfully request the following relief: As to Count I and Count II, Judgment be entered in favor of Plaintiffs and against Defendants in the amount of $258,181.00 due and owing as benefits under the Patient F.L.'s applicable plan, plus interest, to compensate Plaintiffs for the erroneous and wrongful denial and/or underpayment of benefits under the plan"). Because "§ 502(a)(2) does not provide a remedy for individual injuries distinct from plan injuries," Plaintiffs have failed to state a valid breach of fiduciary duty claim as against Horizon. *LaRue v. DeWolff, Boberg & Associates, Inc.*, 552 U.S. 248, 256 (2008); *see also DiFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 458 (3d Cir. 2003) ("[A]ny recovery under § 409 must inure to the plan rather than the beneficiary.").

Second, while "Section 502(a)(3) authorizes the award of 'appropriate *equitable* relief' directly to a participant or beneficiary to 'redress' any act or practice which violates any provision of this title including a breach of the statutorily created fiduciary duty of an administrator," Plaintiffs do not seek equitable relief in connection with their breach of fiduciary duty claim, nor do Plaintiffs even attempt to bring their fiduciary duty claim under Section 502(a)(3). *In re Unisys Corp. Retiree Medical Ben. ERISA Litig.*, 57 F.3d 1255, 1267 (3d Cir. 1995). "To determine what qualifies as 'equitable' relief, the Supreme Court has drawn a bright-line distinction between traditional equitable relief (e.g., injunction, equitable lien, constructive trust), which is available under § 1132(a)(3), and traditional legal relief ( e.g., money damages), which is not." *Graden v.*

---

the plan itself. Consequently, the plan takes legal title to any recovery, which then inures to the benefit of its participants and beneficiaries.") (citing *Russell*, 473 U.S. at 144).

7

*Conexant Systems Inc.*, 496 F.3d 291, 300 (3d Cir. 2007) (citing *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255–57 (1993)).  As stated above, in connection with their breach of fiduciary duty claim, Plaintiffs seek monetary damages in the amount of $259,181.00, which represents the amount "due and owing as benefits under the Patient F.L.'s applicable plan." (Second Am. Compl., ¶¶ 88, 100).  Thus, even if Plaintiffs had asserted their breach of fiduciary duty claim pursuant to Section 502(a)(3), such claim would in any event fail inasmuch as Plaintiffs seek money damages and not the type of "traditional equitable relief" available under Section 502(a)(3).  *Graden,* 496 F.3d at 300; *Mertens,* 508 U.S. at 255–57.

Third, and perhaps most importantly, it is clear that Plaintiffs challenge—at least vis-à-vis Horizon—only the amount of reimbursement received for services rendered to Patient F.L., and *not* conduct amounting to a statutory breach of fiduciary duty.  In other words, Plaintiffs do not allege facts that, if proven, establish a breach of fiduciary duty by Horizon independent of the denial of benefits (e.g., selling preferred stock at an undervalued price).  *See generally Harrow v. Prudential Insurance Company of America,* 279 F.3d 244, 254 (3d Cir. 2002).  In doing so, Plaintiffs have not only failed to state a viable breach of fiduciary duty claim as against Horizon, but they have also alleged two claims that appear entirely duplicative of one another since they separately assert a denial of benefits claim pursuant to § 502(a)(1)(B) in Count Two of the Second Amended Complaint.  *See generally id.* ("A claim for breach of fiduciary duty is 'actually a claim for benefits where the resolution of the claim rests upon an interpretation and application of an ERISA-regulated plan rather than upon an interpretation and application of ERISA.'").  In fact, Count One (breach of fiduciary duty) and Count Two (claim for benefits under the Plan) each seek the same relief—namely, monetary damages in the amount of $259,181.00, which represents the amount allegedly "due and owing as benefits *under the Patient F.L.'s applicable plan.*" (Second

8

Am. Compl., ¶ 100) (emphasis added).[4]  It is clear—based on Plaintiffs' own allegations—that resolution of both claims rests upon interpretation and application of an ERISA *plan*.  Therefore, Plaintiffs' breach of fiduciary duty claim is actually a claim for Plan benefits and is thus duplicative of Count Two of the Second Amended Complaint.  *See generally Harrow*, 279 F.3d at 254; *see, e.g., D'Amico v. CBS Corp.*, 297 F.3d 287, 292 (3d Cir. 2002) ("[T]he fiduciary breaches alleged by plaintiffs turn on the application of § 18.B's provisions for vesting. It follows that their allegations amount to a claim for Plan benefits . . . .").  Plaintiffs have given the Court no basis on which to find otherwise.[5]

Horizon's motion to dismiss Plaintiffs' breach of fiduciary duty claim is therefore **granted**. Because this Court has already given Plaintiffs two opportunities to cure the deficiencies in their claims, *and* given that any future amendment of this claim would, under the circumstances discussed above, be futile, the Court's dismissal of Count One of Plaintiffs' Second Amended Complaint as to Horizon is *with* prejudice.

IV.  **CONCLUSION**

For the reasons set forth above, Horizon's motion to dismiss Count One of the Second Amended Complaint is **granted**.  Count One of Plaintiffs' Second Amended Complaint (breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(2)) is hereby dismissed *with* prejudice as to

---

[4] Moreover, Plaintiffs have not requested any relief in Count One that would not be available under § 502(a)(1)(B).

[5] Although Horizon expressly raised this issue in its opening brief, Plaintiffs chose not to address it in their opposition brief.  As such, Plaintiffs have not met their burden of establishing that the claims in Counts One and Two of the Second Amended Complaint are not duplicative—at least vis-à-vis Horizon.

Defendant Horizon.  Counts One, Two and Three may proceed at this juncture as to Defendant VNA.[6]

      An appropriate Order accompanies this Opinion.

s/ Jose L. Linares<br>
JOSE L. LINARES<br>
U.S. DISTRICT JUDGE

Date: May 20, 2014

---

[6] As stated above, Defendant VNA has not yet filed a responsive pleading in this action.